LAND AUTHORITY OF PUERTO RICO, Appellant, *v.* THE
REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 1338. Submitted March 26, 1959.—Decided April 11, 1961.

*Antonio Riera, Ramón Gandía Biscombe, Alberto Ferrer,* and
*Félix Bello* for appellant. The Registrar appeared by
brief.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In deed number two of January 20, 1956, containing a
mortgage loan and cancellation of mention of deferred loan,
executed before Notary Antonio Riera by the heirs of Car-
melo Cruz Águila in favor of appellant, the following clause
of appraisal was included: "for the purposes of the pro-
visions of section one hundred and twenty-seven of the Mort-
gage Law, the parties, by mutual agreement, appraise the
mortgaged property as follows: that described under letter

'A', in the sum of five thousand nine hundred twenty-five dollars and fifty five cents ($5,925.55); that described under letter 'B' in the sum of two thousand seven hundred nineteen dollars and five cents ($2,719.05); that described under letter 'C' in the sum of two thousand four hundred forty-five dollars and twenty cents ($2,445.20), and that described under letter 'D' in the sum of three thousand nine hundred and ten dollars and twenty cents ($3,910.20)."

Upon presenting a copy of the deed in the registry of property, the Registrar of Property of Arecibo set forth the curable defect "that it failed to state the renunciation of new valuations, according to the requirements of § 66 [Regulations] for the execution of the M. L." (*Mortgage Law.*) The Land Authority of Puerto Rico appeals to this Court from the registrar's note stating that defect and alleges that such a covenant is unnecessary.

■■ Section 127 of the Mortgage Law of Puerto Rico of 1893, before its amendment, provided: The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the *only public sale* which may be made, in the event that, the term of the loan having expired, the registry of property does not show the payment of said loan.

Section 66 of the "Regulations for the Execution of the Mortgage Law of 1893" provided and still provides: In the record of mortgages the amount at which the estate is valued by the contracting parties shall be stated, as well as *the renunciation of new valuations or of any right of action tending thereto.* The date of the maturity of the obligations shall also be stated with absolute precision and clearness.

Section 175 of the Regulations of 1893 provided and still provides insofar as pertinent to this matter, that: Creditors who have their rights recorded *prior to the time the law goes into effect,* may elect this summary procedure, but when the titles of their claims do not state the agreement of the

debtor to a definite price for the auction, they must establish this agreement by means of a public instrument, or request a valuation, in accordance with the Law of Civil Procedure, in order to prepare the announcement of the sale; the rules of this section fixing the upset price for the protection of preferred claims being understood to be always applicable. The proceedings for the appointment of an expert shall be had at the time demand for payment is made, and shall relate to the same persons on whom such demand is to be served.

It is well-known that mortgage provisions prior to 1893 did not acknowledge the summary foreclosure proceeding of a mortgage. Incidentally, the Law and Regulations of 1893 introduced the new proceeding. Not only was it necessary to provide for the transfer of the old mortgage entries to the new registry books but it was also necessary to provide for those measures which would make the fore-closure of preceding mortgages feasible, according to the newly established proceeding.

Regarding the valuation of property for the holding of the first sale, the original provisions of 1893 contained two methods for the establishment of a uniform procedure: (1) If the mortgage was executed *prior to* the time the Mortgage Law went into effect, the valuation should be made in accordance with § 175 of the Regulations, whereby the interested parties were given the option to choose between an express agreement as to appraisal of property for the only sale to be held, and in case this was not possible, request a valuation in accordance with the Spanish Law of Civil Procedure; (2) If the mortgage was executed *after* the date of effectiveness, the appraisal of property should be included as one of the mortgage clauses, according to § 127 of the Mortgage Law for the *only sale* to be held.

These provisions of 1893, as a matter of fact, were set aside since the case of *Giménez et al.* v. *Brenes,* 10 P.R.R.

124, 135 (Figueras, 1906), where we decided that ". . . the special procedure for the recovery of debts secured by mortgage is still in force, in so far as the first part of the same is concerned, and up to and including the provisions in regard to the demand upon the debtor for the payment of the debt and that it has been repealed in respect to that part which might be called 'compulsory proceedings,' that is to say, as to the sale of the property encumbered by the mortgage, which is governed in all respect by the Act approved March 9, 1905, above cited, relating to the manner of satisfying judgments." This same doctrine was followed in the case of *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 P.R.R. 497, 512 (Hernández, Chief Justice, 1909). Following this ruling in *Porto Rican Leaf Tobacco Co.* v. *Registrar of Guayama,* 23 P.R.R. 470, 471 (Hutchison), we held: "Under the law of 1905 referred to there is no suggestion of a minimum price and no possibility of any controversy or question as to proper appraisement of the property to be sold. It follows that article 127 of the Mortgage Law has become a mere dead letter. . . ." See also, on this same question, the case of *Bolívar et al.* v. *Registrar of Property,* 13 P.R.R. 362, 365 (Quiñones, 1907).

On May 2, 1931, the Legislative Assembly of Puerto Rico enacted Act No. 69 in order to amend § 127 of the Mortgage Law, providing:

Section 1.—The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for *the first public sale* which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.

Should the first public sale fail to produce an award or adjudication, two-thirds of the value at which the contracting parties appraise the estate shall serve as a basis for the second public sale, but when said two-thirds part do not exceed the amount of preferred liabilities, such amount shall be the minimum limit of admissible bids.

Should there be no award or adjudication at the second public sale, the basis for such other sales as may be held shall be the total amount of the preferred credits.

Section 2.—The provisions of the Act of March 9, 1905, relative to judgments and the satisfaction thereof, so far as they conflict with the provisions of article 127 of the Mortgage Law as amended by the preceding article, and all other laws or parts of laws in conflict herewith, are hereby repealed.

On May 13, 1936, the Legislative Assembly of Puerto Rico enacted Act No. 81, to amend § 175 of the Mortgage Law Regulations, and in restating the same it kept in full force and effect the original provision of 1893, to which we have previously referred in this opinion.

The doctrine established by this Court in *Giménez et al.* v. *Brenes, supra,* was set aside by those two amendments and a new decision was produced: *Cotto* v. *District Court,* 52 P.R.R. 550, 552 (Wolf, 1938) : "We have read the Acts of 1931 and 1936 carefully, and have interpreted their enactment as expressive of a legislative intent to put into force a complete system for the valuation of property before sale, somewhat similar to that existing between 1893 and 1905. We think the Act of 1936 covers all mortgages recorded prior to its enactment. Furthermore, it is our opinion that the Act is retroactive and merely affects the procedure to be followed in the summary foreclosure of a mortgage, when the deed does not express the minimum price at which the property will be put up at the first foreclosure sale. Such an interpretation leads toward the establishment of a uniform procedure for all summary foreclosures of a mortgage." Upon reconsideration of *Cotto* v. *District Court,* 53 P.R.R. 349, 353 (Wolf, 1938), we held that the amendment of 1936 is "a re-enactment of section 175 of the Regulations for the Execution of the Mortgage Law as it had already stood on the statute books," which required a judicial valuation by means of the procedure established by the Spanish Law of Civil Procedure in the event that an appraisal of the

property had not been made for the purpose of the sale. It was held in this case that regarding the valuation proceeding, the former Spanish Law of Civil Procedure was still in force. (T-371 in fine and p. 372.)

In view of this legislative-doctrinal background, it is now easy to conclude that the provision of § 66 of the Regulations to the effect that the amount at which the estate is valued by the contracting parties shall be stated *as well as the renunciation of new valuations or of any rights of action tending thereto* (valuation) referred to the state of Law in 1893 regarding mortgages executed prior to that year, in which according to § 175 of the Regulations, the mortgage creditor interested in using the new proceeding was given the option to choose between an express agreement as to appraisal of property *with renunciation of new valuations* as a basis for the *only public sale* which may be held, as it was originally provided by § 127 and with renunciation to all valuations or making a valuation in which case the provisions of § 128 of the Law regarding subsequent sales could be applied—*Cintrón* v. *El Banco Territorial y Agrícola*, 9 P.R.R. 220, 258 (Hernández, 1905).

It is unquestionable that the new § 127 of the Mortgage Law of Puerto Rico—re-enacted, restated, or simply tending to set aside the judicial doctrine established in the light of the Act concerning judgments and the manner of executing them of March 9, 1905, and which was altogether onerous for the foreclosed mortgage debtor—not only changed the provision of the Law of 1893, which provided for only one public sale, but it established a "legal agreement" whereby the amount of subsequent sales was determined, thereby altering in turn the number of sales allowed by § 128 of our Mortgage Law. Any renunciation to said implied agreement would be rendered null as contrary to law.

The decision of the Registrar stating the curable defect which is the object of this opinion will be reversed.